**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HAROLD R. LITTLE,

      Plaintiff-Appellant,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY; STATE FARM LIFE
INSURANCE COMPANY; STATE
FARM FIRE AND CASUALTY
COMPANY; STATE FARM
GENERAL INSURANCE COMPANY,

      Defendants-Appellees.

No. 08-4108
(D.C. No. 2:07-CV-00943-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

Plaintiff Harold R. Little appeals from the district court's order dismissing

his complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Little owned an independent insurance company and worked under a contract with the defendant State Farm companies as an insurance agent for more than thirty years. In 2000, State Farm made a demand on its agents to sign new agreements containing trade secret and non-compete provisions. Mr. Little resisted pressure from State Farm to sign the new agreement. In December 2000, he joined other agents in a class action lawsuit in California state court challenging the propriety of State Farm imposing the new terms. In an attempt to compromise with State Farm, however, he signed the new agreement, but added a provision reserving his rights under his original contract. State Farm refused his offer and terminated his contract effective October 31, 2001.

On October 26, 2007, Mr. Little filed this suit against State Farm in Utah state court, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unlawful termination of contract in violation of Utah law and public policy. State Farm removed the case to federal court. The district court held that although the California litigation ultimately resulted in a January 4, 2007, decision from a California Court of Appeal holding that State Farm's new trade secret and non-compete provisions were improper, the at-will nature of Mr. Little's original contract allowed State Farm to terminate it, defeating his claims for breach of contract and breach of the implied covenant of good faith and fair dealing. In addition, the district court held that Mr. Little's claim for unlawful termination under state law was untimely.

We review a dismissal under Rule 12(b)(6) de novo, "accepting all well-pleaded factual allegations in the complaint as true." *Howard v. Waide*, 534 F.3d 1227, 1242-43 (10th Cir. 2008). To withstand State Farm's motion to dismiss, Mr. Little's "complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Okla. ex rel. Dep't of Soc. Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atlantic Corp.*, 127 S. Ct. at 1965).

Mr. Little argues on appeal that: (1) State Farm used the termination process to enforce a breach of the other provisions of his contract; and (2) State Farm's defense that it could terminate Mr. Little's contract at will is not tenable in these circumstances. We have carefully reviewed the district court's order in light of the parties arguments, the record on appeal, and the governing law. Mr. Little does not dispute that his contract with State Farm was terminable at will, and we are therefore unpersuaded by Mr. Little's arguments that the district

court erred by dismissing his complaint. We affirm for substantially the reasons stated by the district court.

The judgment of the district court is AFFIRMED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge